JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
L. Paul Dieffenbach, Jr

## DEFENDANTS
James P. Hackett; Karen Duffy; Cindy Santa Maria

**(b)** County of Residence of First Listed Plaintiff: **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Delaware (all)**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se; 13 Wyncroft Dr, Media, Pa, 19063
(610) 506-7215

Attorneys *(If Known)*
by law: Delaware County Solicitors Office

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | PERSONAL PROPERTY | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | LABOR | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | SOCIAL SECURITY | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 790 Other Labor Litigation | 862 Black Lung (923) | 890 Other Statutory Actions |
| 210 Land Condemnation | [x] 440 Other Civil Rights / Habeas Corpus: | 791 Employee Retirement Income Security Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 864 SSID Title XVI | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | FEDERAL TAX SUITS | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | IMMIGRATION | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 462 Naturalization Application | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
Plaintiff denied right to contest tax claim

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND$ ENJUNCTION Performance Order an

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: AUG 24, 2022
SIGNATURE OF ATTORNEY OF RECORD / PLAINTIFF: *L. Paul Dieffenbach* (signature)

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

L. Paul Dieffenbach, Jr     \*
   on behalf of himself and all others similarly situated    \*
     Plaintiff *Pro Se*      \*
                                    \*
       v.                                \* Civil Action no. _____
                                    \*
James P. Hackett      \*
   in the capacity of Treasurer of Delaware County, Pa    \*
Karen Duffy      \*
   in the capacity of Manager of      \*
   Delaware County Tax Claim Bureau      \*
Cindy Santa Maria      \*
   in the capacity of Tax Coordinator      \*
   for Rose Tree Media School District      \*
     Defendants, jointly and severally

## <u>COMPLAINT FOR STATE SEIZURE OF PROPERTY WITHOUT DUE PROCESS</u>

### - Jurisdiction of the Court -

Jurisdiction of this Court is invoked under 28 USC 1343 to pursue Fourteenth Amendment claims under 42 USC 1983.

### - 28 USC 1341; State Tax Matters -

Whether Pennsylvania state law provides an available, efficient remedy is not at issue; what is before the Court is the abject failure of Defendants Hackett and Duffy to carry out the statutory procedures supposedly available to Plaintiff under the Pennsylvania Real Estate Tax Sale Law ("RETSL") to contest the claim they are pursuing against him.

\* \* \* \* \* \* \*

NOW COMES L. Paul Dieffenbach and complains against the Defendants as follows:

1. Plaintiff is Lincoln Paul Dieffenbach, Jr; born Philadelphia, Pa, August 28, 1945. Plaintiff resides in a single family dwelling, purchased new by his late father in 1958, situate in Middletown Township, Delaware County, Pa.

2. Plaintiff receives three tax bills per year for this property: a county tax, a township tax, and a school tax from Rose Tree Media School District ("RTM"). At current rates, the school tax dollar amount is more than double that of the other two taxes combined.

3. On July 7, 2022, Dft Duffy, acting under color and authority of 72 PS 5860.602, served notice on Plaintiff that his primary residence will be sold at public auction on September 22, 2022, account failure to clear an RTM tax bill referred to her by Dft Santa Maria, which action was the culmination of the following chain of events:

4. In August, 2020, Plaintiff became engaged in a dispute, the exact details of which are not relevant to the matters at issue, with Dft Santa Maria over the amount of money he should pay for RTM school tax for that year. Plaintiff was unable to resolve the matter amicably so his RTM tax was carried on their books as unpaid and eventually turned over to Dfts Hackett and Duffy, acting as the Delaware County Tax Claim Bureau ("TCB"), for collection and enforcement.

5. On or about April 5, 2021 Dft Duffy served Plaintiff with an official Notice of Claim as mandated by 72 PS 5860.308, which requires service by USPS Certified Mail with return card signed by addressee. Instead of following the proper procedures as prescribed by postal regulations, the Post Service turned the registered mail over to a contract carrier who forged Plaintiff's signature on the return card and returned it to TCB.

6. In addition to the questionable service, the Notice of Claim was defective in form in that it was not assigned a docket number, did not contain an advisement that the property could not be redeemed after an actual sale, and did not contain an advisement that the named party could apply for a one-year extension for payment of the tax stated in the Notice; all required by 72 PS 5860.307, 308(a)(4), and 308.a.1, respectively.

7. Plaintiff believes that the Defendants' failure to assign docket numbers to each tax claim is more than just poor office practice, but rather is a deliberate attempt to obfuscate the defendant's right to put the matter into controversy and otherwise make access to such right as difficult as possible.

8. Defects in both service and form aside, Plaintiff, as respondent to an in-progress tax claim, was determined to exercise his right to have a competent, impartial decisionmaker resolve his dispute with RTM as set forth in sec. 314 of RETSL:

> Section 5860.314 - Proceeding to attack validity of claim
> (b) Any defendant in any such claim, at any time before the day fixed for the claim to become absolute under section 311, may file with the bureau exceptions to the claim as entered, or to any part of the claim. The bureau, after giving due notice to the taxing districts interested, shall hold a hearing thereon and either disallow the exceptions or allow the exceptions in whole, or in part, and strike off or reduce the claim in accordance with the evidence produced and the powers of the bureau as hereinbefore prescribed.

9. Plaintiff's initial inquiry as how to invoke the contest-of-claim provisions of RETSL was a visit to TCB's website to see if there any Rules, instructions, or fill-in forms to be used for initiation of defensive claims; Plaintiff quickly realized that TCB's website has absolutely nothing regarding respondents' sec. 314 rights.

10. Plaintiff's next action was to personally visit the offices of TCB located in the Delaware County Courthouse; when waited on by the service clerk, Plaintiff showed her that part of the official Notice advising the recipient that they a right to put the stated claims into controversy and inquired as to how a person wishing to do so goes about same. This person had no idea what Plaintiff was even talking about and was likewise unable to direct Plaintiff to someone who might.

11. Getting nowhere with verbal and computer inquiries as to how to initiate a claim, Plaintiff next drew up a court-type written pleading captioned NOTICE OF CONTEST OF CLAIM, attached it to the Defendants' Notice of Claim, and mailed it to the TCB's address of record on April 21, 2021, and awaited a response.

12. By August, 2021, Defendants hadn't even acknowledged receiving the NOTICE OF CONTEST, much less done anything meaningful with it, so Plaintiff had to "play his last card". Plaintiff wrote up a second court-type pleading captioned DEFENDANT'S OBJECTIONS TO STATEMENT OF THE CLAIM and personally walked it into the TCB offices on August 21, 2021. The person to whom Plaintiff initially handed this paper, again, had no idea what they were so took them to another part of the office and returned with another individual, whom Plaintiff believes to have been Dft Duffy herself, who, with a visibly hostile demeanor, told Plaintiff that his papers were "meaningless", essentially trash, and she wasn't even going to take them. When Plaintiff insisted that he had a right to file such papers and that she was obligated to accept and process them, Dft Duffy summoned courthouse security who escorted Plaintiff off the premises under threat of arrest for "disorderly conduct".

13. The 8/19/21 incident confirmed what by this time had become intuitively obvious: the real reason Defendants were "dogging" Plaintiff's demands for access to the dispute resolution process is that Defendants do not now have, nor ever have had, such a process.

14. Adding insult to injury, during the entire time Defendants were evading Plaintiff's efforts to initiate an adverse claim proceeding, they continued to pile additional penalties and interest onto the underlying tax claim.

15. In those rare snippets of conversation with the Defendants where Plaintiff was able to inquire as to why he wasn't being allowed to institute a defensive claim, their standard answer was "… that's (dispute resolution) not our responsibility"; a statement unarguably and 180-degrees in error as sec. 314 clearly mandates that the initial round of dispute resolution is to be conducted in and by the Tax Claim Bureau itself. Noting again that the TCB doesn't even have the most basic guidelines in place to assist claimants, Defendants have no room to claim Plaintiff was going about it incorrectly.

* * * * * * * *

All available evidence supports the observation that Defendants Hackett and Duffy are unilaterally and flagrantly derelict in their obligation to set up and operate a dispute resolution forum as mandated by that very same law that allows them to sell the floor out from under peoples' feet; that the TCB has never held a single dispute resolution hearing, has no qualified decision makers on hand to conduct such a proceeding even if they were inclined to do so, and, accordingly, has never issued a proper adverse-claim decision, but rather has perverted RETSL into a one-way street running only in their direction.

UPON ALL OF THE AFOREGOING, Plaintiff seeks judgment against the Defendants for the following relief:

A) a **Performance Order** that the following actions be undertaken:

   1. that Defendants Hackett and Duffy certify to this Court that they are aware of, and understand, the rights of the respondents as prescribed by 72 PS 5860.314, and are ready and able to fully comply with such;

   2, that the Defendants implement a docket numbering system as mandated by law;

   3. that a full set of court-type Rules of Procedure be written up and put in place so as assist persons wishing to do so in accessing and navigating the dispute resolution process as mandated by 72 PS 5860.314;

   4. that a corresponding set of Internal Operating Procedures prescribing how and where the hearings mandated by 72 PS 5860.314(b) are to be held, and further describing both the experience and impartiality qualifications of the decision makers conducting such proceedings;

   5. that the Defendants submit to this Court the names and qualifications of at least three people qualified to act as such decision makers;

   6. that a specific service window in the TCB's office be designated as the filing point for any papers submitted by parties wishing to avail themselves of the right of contest, and that such service window be clearly identified as such;

7. any other actions which may be necessary to fully safeguard the due process rights of any and all persons named as defendants in a TCB proceeding.

B) a **full injunction** restraining TCB from taking any further action on the current claim, and any future claims which may be brought to them naming Plaintiff as respondent; which injunction to remain in effect until all of the above actions have been completed, and which injunction further state that the current claim being pursued against Plaintiff is to accrue no further penalties or interest during such time as the injunction is in effect;

C) that **recoverable costs** be allowed as a set-off against any claims being pursued by Defendants as against Plaintiff.

Dated August 22nd, 2022

*(signature)*
L. Paul Dieffenbach, Jr.
Plaintiff

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| L. Paul Dieffenbach, Jr <br><br> *Plaintiff(s)* <br> v. <br> James P. Hackett, et.al <br><br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Cindy Santa Maria
Rose Tree Media School District
308 N. Olive St
Media, Pa, 19063

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: L. Paul Dieffenbach, Jr
13 Wyncroft Dr.
Media, Pa, 19063

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

L. Paul Dieffenbach, Jr

*Plaintiff(s)*

v.

James P. Hackett, et.al

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* James P. Hackett
201 N.. Front St.
Media, Pa, 19063

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: L. Paul Dieffenbach, Jr
13 Wyncroft Dr.
Media, Pa, 19063

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| L. Paul Dieffenbach, Jr <br><br> *Plaintiff(s)* <br> v. <br> James P. Hackett, et al <br><br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Karen Duffy
201 N, Front St
Media, Pa, 19063

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: L. Paul Dieffenbach, Jr
13 Wyncroft dr.
Media, Pa, 19063

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____              _____
                                   *Signature of Clerk or Deputy Clerk*